Jonathan J. Mott, State Bar No. 118912
Parker & Covert LLP
17862 East Seventeenth Street, Suite 204
Tustin, CA 92780
Ph: (714) 573-0900 / Fax: (714) 573-0998
jmott@parkercovert.com

Attorneys for Defendant
Long Beach Unified School District

Patricia Van Dyke, State Bar No. 160033
Carol Jung, State Bar No. 258971
Kyra Clipper, State Bar No. 280904
Learning Rights Law Center
1625 W. Olympic Blvd., Suite 500
Los Angeles, CA 90015
Ph: (213) 489-4030 / Fax: (213) 489-4033
patsy@learningrights.org
carol@learningrights.org
kyra@learningrights.org

Valerie Vanaman, State Bar No. 042406
Newman.Aaronson.Vanaman LLP
14001 Ventura Blvd.,
Sherman Oaks, CA 91423
Ph: (818) 990-7722
vvanaman@navlaw.net

Attorneys for Plaintiff P.S., by and through her guardian ad litem, Irma Ramirez

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.S. a minor, by and through her guardian ad litem, Irma Ramirez,<br><br>Plaintiff,<br><br>v.<br><br>LONG BEACH UNIFIED SCHOOL DISTRICT, A PUBLIC ENTITY,<br><br>Defendant. | CASE NO.: 2:19-cv-04496<br><br>JUDGE: Otis D. Wright II<br>CTRM:  5D<br><br>JOINT RULE 26(f) REPORT<br><br>[FRCP 16(b), 26(f); Local Rule 26-1]<br><br>SCHEDULING CONFERENCE<br>DATE:  December 16, 2019<br>TIME:  1:30 p.m.<br>CTRM:  5D |

1

DEFENDANT LONG BEACH UNIFIED SCHOOL DISTRICT, and PLAINTIFF P.S., a minor, by and through her guardian ad litem Irma Ramirez, through their respective counsel of record, hereby submit this Joint Rule 26(f) Report.

In conformity with Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Court's Order Setting Scheduling Conference, issued September 17, 2019, the parties submit as follows:

a. <u>Statement of the Case</u>: This case arises out of a special education due process hearing before an administrative law judge ("ALJ") of the State of California Office of Administrative Hearings ("OAH") in which a decision was issued February 22, 2019 ("OAH Decision"). The hearing was requested by Student P.S. The Student appeals the portions of the OAH Decision with respect to findings that: (1) An agreement between the District and Student, dated February 14, 2017, to toll the statute of limitations did not extend the time in which Student was required to file the underlying administrative complaint, because Student did not meet her burden of establishing that OAH was required to hear her claims based on a filing date of September 29, 2015 and Student did not prove an exception to the statute of limitations applied; and (2) the District did not deny the Student a free appropriate public education ("FAPE") during the statutory period with respect to the offer of an appropriate behavioral program or services.

The complaint was filed May 23, 2019. The District filed an answer September 16, 2019.

b. <u>Subject Matter Jurisdiction</u>: This court has original jurisdiction over this matter, which is based on provisions of the Individuals with Disabilities Act ("IDEA") 20 U.S.C. § 1401 et seq.; Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794; and the Americans with Disabilities Act ("ADA"), Title II, 42 U.S.C. § 12131.

  c. <u>Legal Issues</u>: The issue is whether the provisions of the February 22, 2019 OAH Decision should be reversed with respect to specified findings that: (1) An agreement between the District and Student, dated February 14, 2017, to toll the statute of limitations did not extend the time in which Student was required to file the underlying administrative complaint, because Student did not meet her burden of establishing that OAH was required to hear her claims based on a filing date of September 29, 2015 and Student did not prove an exception to the statute of limitations applied; and (2) the District did not deny the Student a free appropriate public education ("FAPE") during the statutory period with respect to an offer of an appropriate behavioral program or services.

  d. <u>Parties, Evidence, etc.</u>

  Plaintiff – P.S.

  Defendant – Long Beach Unified School District.

  Key Documents – Administrative Record of the special education due process hearing and February 22, 2019 OAH Decision.

  e. <u>Damages</u>:  Plaintiff seeks reversal of the OAH Decision as to the issues appealed, specific orders, compensatory services, and attorneys' fees and costs.

  f. <u>Insurance</u>:  Not applicable.

  g. <u>Motions</u>:  The parties do not intend to file motions seeking to add other parties or claims, amend the pleadings or transfer venue. See also Dispositive Motions, below.

  h. <u>Manual for Complex Litigation</u>:  The parties agree that this matter is not a complex case and the procedures of the Manual for Complex Litigation need not be utilized.

  i. <u>Status of Discovery</u>: District has served a request for production as to Student's claims for fees and costs in the underlying hearing matter. No other discovery is pending at this time.

1       j.     Discovery Plan: The parties request that the requirement for a discovery plan be waived. Other than as described above, the parties agree that to their knowledge at this time, no other disclosures are required, no other discovery limitations are required, and no other discovery orders should be entered in the present case.

      k.     Discovery Cut-off: See proposed timetable below.

      l.     Expert Discovery: The parties do not contemplate using experts at this time.

      m.     Dispositive Motions: The parties request that cross-motions for summary judgment be set as to the appeal complaint.

      n.     Settlement/Alternative Dispute Resolution (ADR): No settlement discussions have been held at this time. The parties will use the Court Mediation Panel or hold a private mediation.

      o.     Trial Estimate: The parties request that cross-motions for summary judgment be set as to the appeal complaint, with oral argument set on the Court's motion calendar. The parties request waiver of pretrial procedures in Local Rules 16-2 through 16-10, pursuant to Local Rule 16-11.

      p.     Trial Counsel:

Patricia Van Dyke and Valerie Vanaman, attorneys for Plaintiff.

Jonathan J. Mott, attorney for Defendant.

      q.     Independent Expert or Master: Not required.

      r.     Proposed Timetable:

| | |
|---|---|
| Discovery cut-off: | February 28, 2020 |
| Motion cut-off: | March 27, 2020 |
| File administrative record: | January 31, 2020 |
| File motions for summary judgment: | March 6, 2020 |
| File oppositions: | March 20, 2020 |

| File replies: | March 31, 2020 |
|---|---|
| Oral argument: | April 24, 2020 |

    s.   <u>Other Issues</u>:  None known at this time.

Dated:  December 3, 2019       PARKER & COVERT LLP

By: */s/ Jonathan J. Mott*
    Jonathan J. Mott
    Attorneys for Defendant Long Beach Unified School District

Dated:  December 3, 2019       LEARNING RIGHTS LAW CENTER

By: */s/ Patricia Van Dyke*
    Patricia Van Dyke, Esq.
    Attorney for Plaintiff P.S.

Dated:  December 3, 2019       NEWMAN.AARONSON.VANAMAN LLP

By: */s/ Valerie Vanaman*
    Valerie Vanaman, Esq.
    Attorneys for Plaintiff P.S.

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing JOINT RULE 26(f) REPORT with the Clerk of the Court for the United States District Court, Central District of California, by using the Court's CM/ECF system on December 3, 2019.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated:  December 3, 2019            PARKER & COVERT LLP

By: */s/ Jonathan J. Mott*

Jonathan J. Mott
Attorneys for Long Beach Unified School District